# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BILLINGS DIVISION

| | |
|---|---|
| CHRISTOPHER IVINS,<br><br>                 Plaintiff,<br><br>     vs.<br><br>CORRECTIONS CORPORATION<br>OF AMERICA and DOES 1<br>through 3,<br><br>                 Defendants. | CV-12-103-BLG-SEH-CSO<br><br><br>**ORDER ADDRESSING<br>PLAINTIFF'S<br>MOTION TO COMPEL AFTER<br>*IN CAMERA* REVIEW OF<br>WITHHELD DOCUMENTS** |

On July 26, 2013, the Court issued its Order Addressing Plaintiff's

Motion to Compel.  *ECF 32.*[1]  The Court granted Plaintiff Christopher

Ivins' ("Ivins") motion, in part, and directed Defendant Corrections

Corporation of America ("CCA") to produce for *in camera* review documents

responsive to Requests for Production Nos. 1, 2, and 20.  *Id. at 21-22.*

---

[1]The ECF citation refers to the document as it is numbered in the
Court's electronic filing system.  Citations to page numbers refer to
those assigned by the ECF system.

On August 8, 2013, CCA timely filed the subject documents for *in camera* review. *ECF 33 and 33-1* (filed ex parte and under seal). CCA also filed its privilege log, which already is part of the record. *ECF 26 at 90-93.* CCA asserts attorney-client privilege, work product protection, or both for withholding the documents at issue.

## I.   **LEGAL STANDARDS**

Where, as here, the Court's jurisdiction is based on the parties' diversity of citizenship, the attorney-client privilege law of the forum state governs. *KL Group v. Case, Kay & Lynch*, 829 F.2d 909, 918 (9th Cir. 1987); *Dion v. Nationwide Mut. Ins. Co.*, 185 F.R.D. 288, 294 (D. Mont. 1998). In Montana, "[t]he attorney-client privilege protects communications between attorney and client during the course of the professional relationship." *American Zurich Ins. Co. v. Montana Thirteenth Jud. Dist. Ct.*, 280 P.3d 240, ¶ 9.

> The privilege serves to ensure attorneys freely give accurate and candid advice to their clients without the fear it later will be used against the client. While serving these underlying policy goals, the privilege must be construed narrowly because it obstructs the truth-finding process. The privilege protects only those disclosures — necessary to obtain informed legal advice — which might not have been made absent the privilege.

*Id.* at ¶¶ 9-10 (citations and internal quotations omitted).

Work product protection, on the other hand, is determined by federal law, even when the federal court sits in diversity. *Moe v. System Transport, Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *Mitchell Engineering v. City and County of San Francisco*, 2010 WL 1853493, *2 (N.D. Cal. 2010)).  "The work product doctrine protects from discovery 'documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).' " *Id.* (citing Fed. R. Civ. P. 26(b)(3)(A) and *Dion*, 185 F.R.D. at 292). "[T]o qualify for protection against discovery under [Rule 26(b)(3)(A)], documents must have two characteristics: (1) they must be 'prepared in anticipation of litigation or for trial', and (2) they must be prepared 'by or for another party or by or for that other party's representative.' " *Id.* (citing *In re Grand Jury Subpoena (Mark Torf/Torf Environmental Management)*, 357 F.3d 900, 907 (9th Cir. 2004) (citation omitted)).

## II.   **DISCUSSION**

### A.   **In Camera Review**

The Court has reviewed the subject documents *in camera*. Applying the appropriate legal standards for CCA's assertion of the attorney-client

privilege and work product doctrine, the Court rules as set forth below.[2]

1.  Document CCA 000537 is protected from disclosure by the attorney-client privilege.  The document is from CCA's in-house counsel to CCA's vice president for operations and contains legal advice.  Thus, it is protected from disclosure.  *State ex rel. United States Fidelity and Guaranty Co. v. Montana Second Jud. Dist. Ct.*, 783 P.2d 911, 914 (Mont. 1989) (attorney-client privilege communications are not discoverable).

2.  Documents CCA 000546, CCA 000567, and CCA 000568 are protected from disclosure by the attorney-client privilege.  These documents are between in-house counsel and CCA managers/executives and contain responses to requests for legal advice.  They are protected from disclosure.  *Id*.

3.  Documents CCA 002116 through CCA 002131 are protected from disclosure by the attorney-client privilege.  These documents contain requests for legal advice and legal advice given by in-house counsel to CCA

---

[2]It would have been very helpful to the Court had counsel identified on the privilege log the job responsibilities or title of each person who wrote, sent, or received each document.  Such information would allow the Court to expeditiously review the documents without first searching the record in an attempt to determine the status of each person involved in a communication.

managers/executives.  They are protected from disclosure.  *Id*.

4.  Other documents identified by CCA as responsive to the subject Requests for Production but withheld from production include Documents CCA 000569, CCA 002016 (one paragraph), CCA 005834, and CCA 005835. CCA did not produce these documents for the Court's review.  CCA represents in its Notice filed on August 8, 2013, informing the Court of its submission of documents, however, that "additional documents appearing on the privilege logs which are not provided for *in camera* review have already been produced to Plaintiff's counsel under the Court's previously issued protective order."  *Notice (ECF 33 - Ex Parte) at 2.*  Thus, for purposes of the motion to compel before the Court, the Court will assume that CCA's statement means that it already has produced to Ivins' counsel Documents CCA 000569, CCA 002016 (one paragraph), CCA 005834, and CCA 005835 under the terms of the Protective Order.

**B.**   **Award of Expenses**

In moving to compel, Ivins requested "expenses incurred in making the motion, including attorney's fees."  *Ivins' Br. (ECF 26) at 35.*  Fed. R. Civ. P. 37(a)(5)(A) requires that when a motion to compel is granted, the Court must award the movant reasonable expenses unless circumstances

would make an award of expenses unjust.  Here, because the Court

granting Ivins' motion in part but also denied it in part, the Court

exercises its discretion under Fed. R. Civ. P. 37(a)(5)(C) and declines to

apportion the reasonable expenses between the parties.  Instead, each

party shall bear its own costs and fees incurred respecting Ivins' motion.

## III.  **CONCLUSION**

For the reasons stated above, IT IS ORDERED that the remainder of

Ivins' motion to compel (*ECF 25*), not addressed in the Court's Order

Addressing Plaintiff's Motion to Compel (*ECF 32*), is DENIED as set forth

herein.

DATED this 13th day of August, 2013.


/S/ Carolyn S. Ostby
United States Magistrate Judge